TIMOTHY M. BURGESS
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:05-cr-086 - (JWS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | UNITED STATES SENTENCING |
| LARRY ALLEN BEACH , ) | MEMORANDUM |
| ) | |
| Defendant. ) | |
| ) | |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . . **97 MONTHS**

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . **4 YEARS**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The government does not dispute the factual findings of the USPO.

## I. BACKGROUND

On September 19, 2005, investigators from the Drug Enforcement Administration ("DEA") arrested the defendant after he picked up a package that contained a mixture of 104 grams of methamphetamine. In addition, pursuant to a search warrant executed at the defendant's residence, investigators recovered a small marijuana grow and distribution operation. The defendant was subsequently indicted on one count of Attempted Possession of 50 grams or more of methamphetamine with intent to distribute.

Subsequent to the Indictment, a laboratory analysis conducted on the methamphetamine determined it to be 95% pure. Accordingly, the defendant faced a potential superseding charge of possessing in excess of 50 grams of actual methamphetamine, which would have subjected the defendant to a 10-year mandatory minimum. Rather than face a superseding charge, on October 31, 2005, the defendant pled guilty to the charge in the Indictment.

## II. SENTENCING RECOMMENDATION

    A.    <u>Application of the United States Sentencing Guidelines</u>

Pursuant to the charge to which the defendant pled, the maximum sentence that may be imposed on defendant is 40 years in prison, a $2 million fine, 4 years supervised release, and a $100 special assessment.  There is a mandatory minimum of five years in prison.  The USPO has found that the defendant has an adjusted offense level of 29, and a criminal history category of II   Accordingly, the defendant's sentencing range under the guidelines is 97 - 121 months.   This range presents a significant reduction from the mandatory minimum 120-month sentence the defendant otherwise faced on a superseding indictment.

    B.    <u>Application of 18 U.S.C. §3553(a)</u>

The United States submits that application of the factors set forth in 18 U.S.C. § 3553(a) supports a sentence within the guideline range of 97- 121 months.  First, as noted, the nature and circumstances of the offense are serious, given that they ordinarily would have subjected the defendant to a 120-month sentence.  The defendant has a sporadic history of criminal conduct dating back to 1976.  Because of the sporadic nature of this conduct, many of the defendant's prior convictions are not included in the calculation of his criminal history category.  Nevertheless, it is important to note that the defendant has not been deterred from criminal conduct.

In addition, a guideline sentence is appropriate to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct.

The defendant apparently contends that his employment history and age are mitigating factors that support the imposition of a non-guideline sentence. The United States submits that the opposite is true. Clearly, the defendant had the means and skills to support himself without resorting to the distribution of methamphetamine. Moreover, the defendant, 49 years old, should have had the requisite maturity to avoid his criminal conduct. Based on his age and criminal history, one cannot claim that his criminal conduct was an aberration, or a result of inexperience and youth. However, the defendant does appear to have a drug problem and would benefit from drug treatment during his incarceration.

Finally, the defendant has apparently engaged in threatening and hostile behavior towards a correctional officer in Seatac Federal Detention Center. <u>See</u> PSR, ¶ 53. During a telephone call monitored by staff, the defendant was overheard to state, in substance, that if he sees a particular corrections officer on the street, he would be "back in jail for murder." This statement, which was made roughly a month after the defendant was first incarcerated, is presumably unrelated to the defendant's substance abuse problem and does not bode well for his rehabilitation. This behavior has been touted by the defendant as simply

"sounding off"; however, this is no comfort to the correctional officer who was the target of the threats.

## III.  CONCLUSION

On balance, the government submits that a sentence of 97 months is appropriate. This represents the low-end of the advisory guideline range, and nearly a two year reduction from the mandatory minimum 10-year sentence the defendant faced on a superseding indictment. The United States submits that such sentence would serve to deter the defendant and future offenders, allow for the defendant's rehabilitation, protect the public, and be consistent with sentences received by similarly situated defendants convicted of similar conduct. A period of four years of supervised release and a $100 special assessment is mandatory.

RESPECTFULLY SUBMITTED this  3rd  day of January, 2006 in Anchorage, Alaska.

        TIMOTHY M. BURGESS
        United States Attorney

        s/ Frank V. Russo
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        (907) 271-5071
        (907) 271-1500 (fax)
        Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on January 3, 2006, via:

    (X) Electronic case filing notice

Mary Geddes, Assistant Federal Public Defender

Scott Kelley
U.S. Probation Office

Executed at Anchorage, Alaska, on January 3, 2006

s/ Frank V. Russo
Office of the U.S. Attorney